UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
CASE NO. 1:22cv23861

ELAINE BERKOWITZ,

    Plaintiff,

v.

EQUIFAX INFORMATION SERVICES, LLC,
EXPERIAN INFORMATION SOLUTIONS, INC.
TRANSUNION, LLC.
and BARCLAYS BANK DELAWARE,

    Defendants.
_____/

## COMPLAINT

Plaintiff, Elaine Berkowitz ("Berkowitz") by and through undersigned counsel, and for her complaint against the Defendants, alleges as follows:

## JURISDICTION AND VENUE

1. This is an action for actual, statutory and punitive damages, costs and attorney's fees brought pursuant to 15 U.S.C. § 1681 et seq. (Federal Fair Credit Reporting Act "FCRA"), Fla. Stat. §559.55, et seq. (Florida Consumer Collection Practices Act "FCCPA"), and breach of contract.

2. The jurisdiction of this Court is conferred by 15 U.S.C. § 1681(p) and 28 U.S.C. 1367. Venue in this District is proper because Plaintiff resides here and applied for credit in this District.

## PARTIES

3. Plaintiff, Berkowitz, is a natural person and resident of Miami-Dade County, Florida. She is a "consumer" as defined by 15 U.S.C. §1681a(c) and Fla. Stat. §559.55(8).

4. Equifax Information Services, L.L.C ("Equifax") is a limited liability company under the laws of the State of Georgia authorized to do business in the State of Florida.

5. Equifax is a "consumer reporting agency," as defined in 15 U.S.C. § 1681(f). Upon information and belief, Equifax is regularly engaged in the business of assembling, evaluating, and disbursing information concerning consumers for the purpose of furnishing consumer reports, as defined in 15 U.S.C. § 1681(d) to third parties.

6. Equifax disburses such consumer reports to third parties under contract for monetary compensation.

7. Experian Information Solutions, Inc. ("Experian") is a corporation incorporated under the laws of the State of Ohio and authorized to do business in the State of Florida.

8. Experian is a "consumer reporting agency," as defined in 15 U.S.C. § 1681(f). Upon information and belief, Equifax is regularly engaged in the business of assembling, evaluating, and disbursing information concerning consumers for the purpose of furnishing consumer reports, as defined in 15 U.S.C. § 1681(d) to third parties.

9. Experian disburses such consumer reports to third parties under contract for monetary compensation.

10. Transunion, L.L.C ("Transunion") is a limited liability company under the laws of the State of Delaware authorized to do business in the State of Florida.

11. Transunion is a "consumer reporting agency," as defined in 15 U.S.C. § 1681(f). Upon information and belief, Transunion is regularly engaged in the business of assembling, evaluating, and disbursing information concerning consumers for the purpose of furnishing consumer reports, as defined in 15 U.S.C. § 1681(d) to third parties.

12. Transunion disburses such consumer reports to third parties under contract for monetary compensation.

13. Defendant, Barclays Bank Delaware ("Barclays"), is a national banking association, with its principal place of business in Delaware, and authorized to do business in the State of Florida as a consumer credit card lender.

14. Barclays is a "creditor" as defined under the Florida Consumer Collection Practices Act, Fla. Stat. §559.55, *et seq*.

15. Barclays reports credit information to Equifax, Experian, and Transunion and is a "furnisher of information" as defined under the Fair Credit Reporting Act, 15 U.S.C. § 1681 *et seq*.

## FACTUAL ALLEGATIONS

16. On or about October 1, 2018, Berkowitz applied for credit with Barclays and was approved for same.

17. Berkowitz has always maintained her account in good standing from the commencement of the business relationship with Barclays.

18. On or about September 20, 2021, Berkowitz took her family on a vacation to Massachusetts. She remained on vacation in Massachusetts through and including October 24, 2021, and was located at the property addressed as 6 Eel Point Road, Nantucket, MA. A copy of the lease for the address she occupied during her vacation is attached hereto as Exhibit "A".

19. During the time Berkowitz was on her vacation an unknown person accessed her credit account with Barclays and made fraudulent charges totaling $8,240.32.

20. Upon noticing the fraudulent charges, Berkowitz immediately contacted Barclays to advise them of the disputed charges.

21. Barclays advised it would investigate and ultimately sent Berkowitz a letter dated November 16, 2021, advising her that "[a]fter conducting our investigation, we have determined that you are not responsible for the reported fraudulent activity. Please allow up to 30 days for the consumer reporting agencies to remove any fraud-related information from your credit report." A copy of the letter is attached hereto as Exhibit "B".

22. Subsequent to the November 16, 2021, letter from Barclays, Berkowitz received correspondence advising that she was still responsible for the charges. During a period of approximately one (1) year, Berkowitz consistently maintained her dispute and repeatedly attempted to obtain relief from the fraudulent charges through Barclays dispute process but received no assistance. During this time, Berkowitz never failed to make payments and incurred further damages by paying interest on the fraudulent charges.

23. Berkowitz ultimately filed a police report regarding the fraudulent charges on September 7th, 2022. A copy of her police report is attached hereto as Exhibit "C".

24. On or about October 12, 2022, Berkowitz sent a dispute letter to all Defendants that included copies of all the aforementioned exhibits and her identity documents. A copy of the letter minus attachments is attached hereto as Exhibit "D".

25. Barclays improperly and in violation of Plaintiff's contract with Barclays and the FCRA, continues to report the fraudulent charges to the account on Berkowitz's credit report.

26. No response was received to the dispute from Transunion.

27. Equifax did respond to Berkowitz's dispute. The response, however, was improper and completely ignored the police report and all identity verifying documents provided in her

dispute to them. The response claimed that because she did not provide those items, they were under no obligation to make any changes to her credit file. A copy of Defendant, Equifax's response is attached hereto as Exhibit "E".

28. Experian did respond to Berkowitz's dispute. The response, however, was improper as regardless of the attachments, the fraudulent charges and resulting balance were verified and the erroneous reporting remained on her Experian credit file.

29. All Defendants received Plaintiff's dispute letter and accompanying documents and then Equifax, Experian, and Transunion relayed those documents and Plaintiff's dispute to Barclays and then erroneously verified that the account balance was valid or failed to cause the derogatory tradeline to be updated.

30. Barclays received the dispute and accompanying documents from Experian, Equifax, and Transunion and then erroneously verified the fraudulent account information.

31. After Berkowitz requested verification and correction of the erroneous account information, Equifax, Experian, and Transunion failed to evaluate or consider any of the specific information, claims and evidence provided. Additionally, Equifax, Experian, and Transunion did not make any attempts to substantially or reasonably verify Barclays' representations.

32. As a result of the erroneous derogatory information, Berkowitz has suffered significant damages, a significant drop in her credit score for maintaining a balance relatively higher than her normal balance compared to her credit limit, wasted time, and the aggravation of dealing with Defendants' failure to meaningfully evaluate her dispute.

## COUNT I AS TO EQUIFAX'S VIOLATION OF 15 U.S.C. §1681e(b)

33. Plaintiff realleges and incorporate paragraphs 1 through 6, and 16 through 32 above as if fully set out herein.

34. Equifax violated 15 U.S.C. § 1681e(b) by failing to establish or to follow reasonable procedures to assure maximum possible accuracy in the preparation of the credit reports and credit file it published and maintains concerning the Plaintiff.

35. As a result of this conduct, action and inaction of Equifax, Plaintiff suffered damages by loss of credit, loss of the ability to purchase and benefit from a credit, the mental and emotional pain and anguish and the humiliation and embarrassment of a reduced credit score.

36. Equifax's conduct, action or inaction was willful, rendering it liable for punitive damages in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681n.  In the alternative, it was negligent, entitling Plaintiff to recover under 15 U.S.C. 1681o.

37. Plaintiff is entitled to recover costs and attorney's fees from Equifax in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681n and/or § 1681o.

WHEREFORE, Plaintiff demands judgment be entered in his favor and against Equifax for the following:

    a) Actual damages in an amount to be proved at trial;

    b) Punitive damages as provided for in 15 U.S.C. §1681n(a)(2);

    c) Statutory damages as provided for in 15 U.S.C. §1681n(a)(2);

    d) Costs and attorney's fees as provided for in §1681n(a)(3) and 15 U.S.C. §1681n(a)(2); and

    e) Such other and further relief as this Court deems just and proper.

## COUNT II AS TO EQUIFAX'S VIOLATION OF 15 U.S.C. §1681i

38. Plaintiff realleges and incorporate paragraphs 1 through 6, and 16 through 32 above as if fully set out herein.

39. Equifax violated 15 U.S.C. § 1681i on multiple occasions by failing to delete inaccurate information in the Plaintiff's credit file after receiving actual notice of such inaccuracies; by failing to conduct a lawful reinvestigation; by failing to forward all relevant information to Barclays; by failing to maintain reasonable procedures with which to filter and verify disputed information in the Plaintiff's credit file; and by relying upon verification from a source it has reason to know is unreliable.

40. As a result of this conduct, action and inaction of Equifax, Plaintiff suffered damages by loss of credit; loss of the ability to purchase and benefit from credit, specifically Plaintiff suffered damages by loss of the ability to purchase and benefit from a credit, the mental and emotional pain and anguish and the humiliation and embarrassment of a lower credit score.

41. Equifax's conduct, action and inaction was willful, rendering it liable for actual or statutory damages, and punitive damages in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681n. In the alternative, it was negligent entitling Plaintiff to recover actual damages under 15 U.S.C. § 1681o.

42. Plaintiff is entitled to recover costs and attorney's fees from Equifax in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681n and/or 1681o.

WHEREFORE, Plaintiff demands judgment be entered in her favor and against Equifax for the following:

    a) Actual damages in an amount to be proved at trial;

    b) Punitive damages as provided for in 15 U.S.C. §1681n(a)(2);

    c) Statutory damages as provided for in 15 U.S.C. §1681n(a)(2);

    d) Costs and attorney's fees as provided for in §1681n(a)(3) and 15 U.S.C. §1681n(a)(2); and

    e) Such other and further relief as this Court deems just and proper.

### COUNT I AS TO EXPERIAN'S VIOLATION OF 15 U.S.C. §1681e(b)

43. Plaintiff realleges and incorporate paragraphs 1 through 3, 7 through 9, and 16 through 32 above as if fully set out herein.

44. Experian violated 15 U.S.C. § 1681e(b) by failing to establish or to follow reasonable procedures to assure maximum possible accuracy in the preparation of the credit reports and credit file it published and maintains concerning the Plaintiff.

45. As a result of this conduct, action and inaction of Experian, Plaintiff suffered damages by loss of credit, loss of the ability to purchase and benefit from a credit, Plaintiff suffered damages by loss of credit, loss of the ability to purchase and benefit from a credit, specifically being denied for a loan, the mental and emotional pain and anguish and the humiliation and embarrassment of credit denials.

46. Experian's conduct, action and inaction was willful, rendering it liable for punitive damages in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681n. In the alternative, it was negligent, entitling Plaintiff to recover under 15 U.S.C. 1681o.

47. Plaintiff is entitled to recover costs and attorney's fees from Experian in an amount to be determined by the Court pursuant to 15 U.S.C. §§1681n, 1681o, or both.

WHEREFORE, Plaintiff demands judgment be entered in her favor and against Experian for the following:

a) Actual damages in an amount to be proved at trial;

b) Punitive damages as provided for in 15 U.S.C. §1681n(a)(2);

c) Statutory damages as provided for in 15 U.S.C. §1681n(a)(2);

d) Costs and attorney's fees as provided for in §1681n(a)(3) and 15 U.S.C. §1681n(a)(2); and

e) Such other and further relief as this Court deems just and proper.

## COUNT II AS TO EXPERIAN'S VIOLATION OF 15 U.S.C. §1681i

48. Plaintiff realleges and incorporate paragraphs 1 through 3, 7 through 9, and 16 through 32 above as if fully set out herein.

49. Experian violated 15 U.S.C. § 1681i on multiple occasions by failing to delete inaccurate information in Plaintiff's credit files after receiving actual notice of such inaccuracies; by failing to conduct a lawful reinvestigation; by failing to forward all relevant information to Barclays; by failing to maintain reasonable procedures with which to filter and verify disputed information in the Plaintiff's credit files; and by relying upon verification from a source it has reason to know is unreliable.

50. As a result of this conduct, action and inaction of Experian, Plaintiff suffered damages by loss of credit; loss of the ability to purchase and benefit from credit; the mental and emotional pain and anguish and the humiliation and embarrassment of a reduced credit score.

51. Experian's conduct, action and inaction was willful, rendering it liable for actual or statutory damages, and punitive damages in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681n. In the alternative, it was negligent entitling Plaintiff to recover actual damages under 15 U.S.C. § 1681o.

52. Plaintiff is entitled to recover costs and attorney's fees from Experian in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681n, 1681o, or both.

WHEREFORE, Plaintiff demands judgment be entered in her favor and against Experian for the following:

   a) Actual damages in an amount to be proved at trial;
   b) Punitive damages as provided for in 15 U.S.C. §1681n(a)(2);
   c) Statutory damages as provided for in 15 U.S.C. §1681n(a)(2);
   d) Costs and attorney's fees as provided for in §1681n(a)(3) and 15 U.S.C. §1681n(a)(2); and
   e) Such other and further relief as this Court deems just and proper.

## COUNT I AS TO TRANSUNION'S VIOLATION OF 15 U.S.C. §1681e(b)

53. Plaintiff realleges and incorporate paragraphs 1 through 3, 10 through 12, and 16 through 32 above as if fully set out herein.

54. Transunion violated 15 U.S.C. § 1681e(b) by failing to establish or to follow reasonable procedures to assure maximum possible accuracy in the preparation of the credit report and credit files it published and maintains concerning the Plaintiff.

55. As a result of this conduct, action and inaction of Transunion, Plaintiff suffered damages by loss of credit, loss of the ability to purchase and benefit from a credit, the mental and emotional pain and anguish and the humiliation and embarrassment of a reduced credit score.

56. Transunion's conduct, action and inaction was willful, rendering it liable for punitive damages in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681n. In the alternative, it was negligent, entitling Plaintiff to recover under 15 U.S.C. 1681o.

57. Plaintiff is entitled to recover costs and attorney's fees from Transunion in an amount to be determined by the Court pursuant to 15 U.S.C. §1681n, §1681o, or both.

WHEREFORE, Plaintiff demands judgment be entered in her favor and against Transunion for the following:

   a) Actual damages in an amount to be proved at trial;
   b) Punitive damages as provided for in 15 U.S.C. §1681n(a)(2);
   c) Statutory damages as provided for in 15 U.S.C. §1681n(a)(2);
   d) Costs and attorney's fees as provided for in §1681n(a)(3) and 15 U.S.C. §1681n(a)(2); and
   e) Such other and further relief as this Court deems just and proper.

### COUNT II AS TO TRANSUNION'S VIOLATION OF 15 U.S.C. §1681i

58. Plaintiff realleges and incorporate paragraphs 1 through 3, 10 through 12, and 16 through 32 above as if fully set out herein.

59. Transunion violated 15 U.S.C. § 1681i on multiple occasions by failing to delete inaccurate information in the Plaintiff's credit file after receiving actual notice of such inaccuracies; by failing to conduct a lawful reinvestigation; by failing to forward all relevant information to Barclays; by failing to maintain reasonable procedures with which to filter and verify disputed information in the Plaintiff's credit files; and by relying upon verification from a source it has reason to know is unreliable.

60. As a result of this conduct, action and inaction of Transunion, Plaintiff suffered damages by loss of credit; loss of the ability to purchase and benefit from credit; the mental and emotional pain and anguish and the humiliation and embarrassment of a reduced credit score.

61. Transunion's conduct, action and inaction was willful, rendering it liable for actual or statutory damages, and punitive damages in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681n.  In the alternative, it was negligent entitling Plaintiff to recover actual damages under 15 U.S.C. § 1681o.

62. Plaintiff is entitled to recover costs and attorney's fees from TransUnion in an amount to be determined by the Court pursuant to 15 U.S.C. §§1681n, 1681o, or both.

WHEREFORE, Plaintiff demands judgment be entered in her favor and against Transunion for the following:

   a) Actual damages in an amount to be proved at trial;
   b) Punitive damages as provided for in 15 U.S.C. §1681n(a)(2);
   c) Statutory damages as provided for in 15 U.S.C. §1681n(a)(2);
   d) Costs and attorney's fees as provided for in §1681n(a)(3) and 15 U.S.C. §1681n(a)(2); and
   e) Such other and further relief as this Court deems just and proper.

### COUNT I AS TO BARCLAYS' VIOLATION OF 15 U.S.C. §1681s-2(b)

63. Plaintiff realleges and incorporate paragraphs 1 through 3 and 13 through 32 above as if fully set out herein.

64. Barclays violated the Fair Credit Reporting Act, 15 U.S.C. § 1681s-2(b) by continuing to verify the representation within Plaintiff's credit files with Equifax, Experian, and Transunion without also including a notation that this debt was disputed; by failing to fully and properly investigate the Plaintiff's dispute of Barclays representations; by failing to review all relevant information regarding same; by failing to accurately respond to Equifax, Experian, and Transunion; by failing to correctly report results of an accurate investigation

to every other credit reporting agency; and by failing to permanently and lawfully correct its own internal records to prevent the re-reporting of the Barclays representations to the consumer reporting agencies.

65. As a result of this conduct, action and inaction of Barclays, Plaintiff suffered damage by loss of credit; loss of the ability to purchase and benefit from credit, the mental and emotional pain and anguish and the humiliation and embarrassment of credit denials.

66. Barclays's conduct, action and inaction was willful, rendering it liable for actual or statutory, and punitive damages in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681n. In the alternative, it was negligent entitling Plaintiff to recover actual damages under 15 U.S.C. 1681o.

67. Plaintiff is entitled to recover costs and attorney's fees from Barclays in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681n and § 1681o.

WHEREFORE, Plaintiff demands judgment be entered in his favor and against Barclays for the following:

a) Actual damages in an amount to be proved at trial;

b) Punitive damages as provided for in 15 U.S.C. §1681n(a)(2);

c) Statutory damages as provided for in 15 U.S.C. §1681n(a)(2);

d) Costs and attorney's fees as provided for in §1681n(a)(3) and 15 U.S.C. §1681n(a)(2); and

e) Such other and further relief as this Court deems just and proper.

**COUNT II AS TO BARCLAYS'S VIOLATION OF FLA. STAT. §559.72(9)**

68. Plaintiff realleges and incorporate paragraphs 1 through 3, 13 through 46 above as if fully set out herein.

69. Barclays attempted to collect a debt that it knew was not legitimate in violation of Fla. Stat. §559.72(9).

WHEREFORE, Plaintiff requests that the Court enter judgment in favor of Plaintiff and against Defendant for:

    a.    Damages;

    b.    Attorney's fees, litigation expenses and costs of suit; and

    c.    Such other or further relief as the Court deems proper.

## JURY DEMAND

Plaintiffs demands trial by jury.

Debt Shield Law
3440 Hollywood Blvd., Suite 415
Hollywood, FL 33021
Tel:   754-800-5299
service@debtshieldlaw.com
joel@debtshieldlaw.com
dayami@debtshieldlaw.com

*/s/ Joel D. Lucoff*
Joel D. Lucoff
Fla. Bar No. 192163